UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 1:05-CR-87 |
| v. | ) | Collier/Lee |
| | ) | |
| | ) | |
| | ) | |
| RICHARD STEPHENS | ) | |

<u>REPORT AND RECOMMENDATION</u>

I.  <u>Introduction</u>

Before the Court is the motion of defendant Richard Stephens ("Stephens") to strike any reference to his purported alias or nickname "Midget" from the indictment [Doc. No. 39]. Stephens contends the sole reference to the alias in the caption of the indictment [Doc. No. 2-1] should be stricken as mere surplusage [Doc. No. 39 at 1]. The government filed a response to Stephens' motion to strike contending the alias "Midget" is "relevant to identify [Stephens] in relation to acts charged in the indictment and related thereto . . ." [Doc. No. 49 at 1]. The government further contends Stephens' motion to strike should be denied because the use of the alias "is relevant, probative and not unduly prejudicial." [*Id.*]. In the alternative to denial of the motion to strike, the government asks the Court to hold any ruling on the motion to strike in abeyance until the time of Stephens' trial "when the [government] will likely present witness testimony making the relevance and the probative value of [Stephens'] alias clear." [*Id.*].

At the time Stephens filed the instant motion, Stephens had been charged in a three-count indictment [Doc. No. 2-1]. The sole reference to Stephens' alleged alias appears in the caption of the indictment [*id.* at 1]. Subsequently, a five-count superseding indictment was issued [Doc. No. 41-1]. In the superseding indictment the caption and each of the five substantive counts refers to defendant as "RICHARD STEPHENS, also known as 'Midget'" [*id.* at 1-2].

II.  Analysis

Regarding the inclusion of an alias in the indictment, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has stated:

> We "strongly disapprove the practice of including aliases in indictments . . . . Only when proof of an alias is relevant to identifying the defendant should a court allow its inclusion in the indictment and its subsequent introduction at trial." *United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972) (per curiam). "It is clear, however, that the use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendant[] with the acts charged." *United States v. Hines*, 955 F.2d 1449, 1454 (11th Cir. 1992) . . . .

*United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001), *cert. denied*, 535 U.S. 977 (2002). An alias is relevant and admissible as long as it assists in identifying the defendant. *Smith v. Williams*, No. 04-5677, 04-5678, 04-5703, 2005 WL 3051722, at *3 (6th Cir. Nov. 15, 2005). When reference to an alias is "relevant to identify defendant, the only question is whether the reiteration was unduly prejudicial," *i.e.*, can the alias be used by the government "in a way that would predispose the jury against [the defendant] or suggest improper character references." *Id.*

In *Smith*, the Sixth Circuit held the trial court did not abuse its discretion when it denied a pretrial motion to strike the defendant's alias, "Capone," from the indictment and to exclude mention of the alias during his trial. *Id.* Similarly, the Sixth Circuit held the district court did not err in not

2

striking the defendant's alias, "Miami Mike," from the indictment because "people distributing drugs for him frequently referred to him as "Miami Mike" and the alias was "not used merely to inflame the jury . . . ." *United States v. Munda*, No. 92-5588, 1993 WL 150036, at *4 (6th Cir. May 7, 1993), *cert. denied*, 510 U.S. 885 (1993).

In his motion to strike, Stephens acknowledges "government witnesses testifying before the grand jury, during the defendant's detention hearing, and subsequently during defendant's suppression hearing have all recounted . . . references to the defendant as 'Midget' . . . ." [Doc. No. 39 at 1]. For instance, during Stephens' July 29, 2005 detention hearing, Detective Mike Bice testified he first learned of a person named "Midget" when Soddy-Daisy Police Officer Mike Sneed ("Sneed") told him there were phone conversations which indicated that someone named "Midget" was purchasing narcotics [Doc. No. 20 at 12-13]. Bice testified he later talked to a retired narcotic officer from Rhea County who identified Stephens as "Midget" [*id.* at 13]. At the September 22, 2005 hearing held in conjunction with Stephens' motion to suppress, Bice testified that Sneed said during the Penny investigation Sneed learned an individual named "Midget" was selling marijuana in Rhea County [Doc. No. 54 at 7-8, 33-34]. At that time, Bice did not know the identity of Midget. A few weeks later, Bice spoke with a retired Rhea County narcotics officer, Clyde Henderson, who identified Stephens as "Midget" and gave Bice enough information for Bice to obtain Stephens' photograph and learn where he lived [*id.* at 38-40].

In its response to Stephens' motion to strike the alias, the government states at trial it:

> may call witnesses to the stand that corroborate the recollection of the members of the Rhea County Sheriff's Department regarding Mr. Stephens' manufacture, distribution, and storage of marijuana at his Residence. Some of the witnesses that the United States may call know Defendant primarily through his alias, "Midget".

3

[Doc. No. 49 at 4].[1]

As noted, defendant states that the reference to "Midget" is mere surplusage. Stephens further asserts:

> Given the unceasing flood of stereotypes set upon putative jurors by televison, media and in some cases prosecuting authorities – reference to defendant with some sort of handle is not necessary to effectively render charges against him and stands to materially prejudice his right to a fair trial.

[Doc. No. 39 at 1]. However, beyond his characterization of "Midget" as mere surplusage and his assertion that the use of a "handle" will prejudice him, Stephens has not identified any specific way in which the alias/nickname "Midget" as applied to him will be used to inflame the jury or predispose it against Stephens. The alias "Midget" seems far less likely to inflame or prejudice a jury than the use of an alias such as "Capone". *See Williams,* 2005 WL 3051722, at *3 (no abuse of discretion where trial court refused to strike alias "Capone" from the indictment when it was not used in a manner to predispose the jury against the defendant). In contrast, the government has made credible arguments the alias is relevant to identifying Stephens.

III.    Conclusion

I conclude the limited evidence before the Court suggests the use of Stephens' alleged alias "Midget" may assist in identifying the defendant. Further, no evidence suggests the use of the alias "Midget" will unduly prejudice the jury or in any way predispose the jury against Stephens at his trial. Accordingly, I **RECOMMEND** Stephens' motion to strike the alias "Midget" from the

---

[1] In its response to Stephens' motion to strike, the government also asserts, citing *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977), that none of the witness, who allegedly know Stephens primarily through his alias "Midget" will offer exculpatory evidence and that Stephens has not shown any exceptional circumstances which would entitle him to disclosure of any of these government witnesses prior to trial.

4

indictment, which will be treated as including all five counts of the superseding indictment, be **DENIED WITHOUT PREJUDICE** to Stephens' right to object to the reiteration of the alias at trial if it is shown to be unduly prejudicial.[2]

        s/Susan K. Lee
        SUSAN K. LEE
        UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide de novo review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).