UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:05-CR-87 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| RICHARD STEPHENS ) | |

## **M E M O R A N D U M**

Before the Court are two motions to dismiss filed by Defendant Richard Stephens ("Defendant") (Court File Nos. 15, 18). Defendant seeks dismissal of Count One and Count Three of the Indictment (Court File No. 2). After Defendant filed these motions, the Government filed a Superseding Indictment (Court File No. 41). The charges relevant to Defendant's motions to dismiss are contained in the Superseding Indictment, but the Court will refer to them as they were numbered in the Indictment for consistency with the language in the parties' filings.[1] The Government filed responses to Defendant's motions (Court File Nos. 23, 24) and Defendant filed a reply to one of the Government's responses (Court File No. 29). The Government filed a sur-reply (Court File No. 48) and Defendant filed a reply to the Government's sur-reply (Court File No. 50).

After careful consideration of the above motions and briefs, and for the following reasons, the Court will **DENY** Defendant's motions to dismiss.

---

[1] Counts One and Two of the Indictment appear as Counts One and Two of the Superseding Indictment; Count Three of the Indictment is contained in Count Five of the Superseding Indictment.

## I. STANDARD OF REVIEW

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). Accordingly, the defense may use a Rule 12(b) motion to raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *Id.* (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir.1989)). In considering such motions, a trial court may "ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Craft*, 105 F.3d at 1126.

An indictment valid on its face may not be dismissed on the ground it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992). Hence, a court cannot consider a factual challenge to an indictment purporting to show a defect consisting solely of insufficient evidence to prove a particular charge. Where a defendant's pretrial motion to dismiss requires the court to find facts that make up the elements of the case, a determination which would normally be reserved to the jury at trial, the motion to dismiss should be denied:

> Rule 12(b)(1) of the Federal Rules of Criminal Procedure, which cautions the trial judge that he may consider on a motion to dismiss the indictment only those objections that are "capable of determination without the trial of the general issue," indicates that evidentiary questions of this type should not be determined on such a motion.

*United States v. Knox*, 396 U.S. 77, 83 n. 7, 90 S. Ct. 363, 367 n.7, 24 L. Ed. 2d 275 (1969). In essence, a motion to dismiss should be denied if it requires a pretrial test of the government's evidence:

> Rule 12(b)(1) permits the raising by motion of defenses or objections only where they are "capable of determination without the trial of the general issue," the general issue being the issue presented by the allegations of the indictment and the plea. Allegations of the indictment essential to prove the offense charged and the pleas in answer to such allegations require a trial of the general issue. Here, the issue presented by the defense or objections raised by appellants in their motions is that the allegations of the indictment are false and untrue. This is the general issue, and this issue could only be determined on the trial. Appellants, therefore, under Rule 12, can not present such a defense or raise such an objection by a motion to dismiss the indictment.

*Universal Milk Bottle Serv. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951), *see also United States v. Short*, 671 F.2d 178, 181-82 (6th Cir. 1982).

## II. RELEVANT FACTS

In 1979 Defendant was convicted of the Tennessee state law violation of attempt to commit grand larceny. He was sentenced to 11 months and twenty-nine days in prison. At some point the sentence was suspended and Defendant was placed on probation.

According to the parties, on June 29, 2005, Detective Mike Bice of the Rhea County Sheriff's Department went to Defendant's residence and smelled marijuana. Detective Bice then saw Defendant cut the buds off a marijuana stalk. Defendant was arrested and his house was searched. In Defendant's house, law enforcement officers found several guns, marijuana, scales, and equipment that was being used to grow marijuana indoors.

On July 12, 2005, Defendant was charged in a three-count indictment (Court File No. 2). Count One of the Indictment charges Defendant with illegal possession of firearms in violation of

18 U.S.C. § 922(g)(1) because Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Count Two charges Defendant with violations of 21 U.S.C. 841(a)(1) & (b)(1)(D). Count Three charges Defendant with possession of a firearm in furtherance of the drug trafficking offense alleged in Count Two in violation of 18 U.S.C. 924(c)(1) (*Id.*). On October 12, 2005, the Grand Jury handed up a five-count Superseding Indictment including the three counts above as well as charges under 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Three) and 21 U.S.C. § 856(a)(1) (Count Four).

### III. DISCUSSION

#### A. Motion to Dismiss Count One

Count One charges Defendant with possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Section 922(g) states in relevant part:

> It shall be unlawful for any person-
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which as been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Defendant contends his 1979 conviction for attempt to commit grand larceny does not qualify as a predicate offense under § 922(g)(1) because it is not a felony. Further, Defendant argues § 922(g)(1) is unconstitutional. The Court will address each of these arguments in turn.

#### 1. Predicate Offense

4

Defendant's conviction for attempt to commit grand larceny in 1979 was governed at that time by Tennessee's general attempt statute which was codified at Tenn. Code Ann. § 39-603.[2] At the time of Defendant's conviction, § 39-603 provided:

> If any person assaults another, with intent to commit, or otherwise attempts to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one (1) year, and by fine not exceeding five hundred dollars ($500).

Tenn. Code Ann. § 39-603 (1975); *see Bandy v. State*, 575 S.W.2d 278, 281 (Tenn. 1979). Defendant argues since he was sentenced to less than one year and the attempt statute does not reference itself as a felony statute, it would be improper to characterize his 1979 conviction as a predicate offense under § 922(g). As such, Defendant seeks to dismiss Count One of the Indictment.

Defendant may very well be correct in arguing his § 39-603 conviction does not qualify as a predicate conviction under § 922(g)(1).[3] However, in making this argument Defendant is asking

---

[2] The general attempt statute was later transferred to Tenn. Code Ann. § 39-1-501 (1982) and then repealed in 1989.

[3] In *State v. Smith*, 627 S.W.2d 356, 359 (Tenn. 1982), the Tennessee Supreme Court makes the following statement:

> [Tenn. Code Ann. §] 39-603 establishes a range from one to five years if the jury deems the offense to be a felony, and a jail term of not more than one year . . . if it deems the offense to be a misdemeanor. By establishing sentences of five and three years, the jury in this case adjudged the defendant's conduct to be felonious, making applicable the statutory range of one to five years.

Thus, under Tennessee law, a conviction under § 39-603 could be a felony or a misdemeanor conviction depending on the sentence imposed by the jury.

Unlike *Smith*, Defendant's sentence was not imposed by a jury. Defendant pleaded guilty and was sentenced by a judge. The judge only sentenced Defendant to 11 months and 29 days. In light of *Smith*, this sentence suggests the judge determined Defendant was only guilty of a misdemeanor and the maximum sentence possible was one year. However, as a matter of statutory

5

the Court to find facts that make up the elements of the crime. To sustain a conviction under § 922(g)(1), the Government must prove beyond a reasonable doubt Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1). Defendant may be correct and the Government will not meet its burden because the § 39-603 conviction may not have been a felony conviction. Yet, it is also possible the Government will meets its burden for reasons unknown to the Court and prove the § 39-603 conviction is a felony conviction or prove Defendant was convicted of another felony. Thus, Defendant's motion is a request for this Court to hold a pretrial test of the Government's evidence. It is improper for the Court to hold such a pretrial test. As a matter of overriding public policy, "criminal cases generally should not be attenuated by preliminary or 'mini-' trials concerning . . . the competency of the evidence . . ." *Craft*, 105 F.3d at 1127. Accordingly, the Court will **DENY** Defendant's motion to dismiss Count One on this ground.

### 2. Constitutional Challenges

Next, Defendant asserts § 922(g)(1) violates the Second Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Protection Clause of the Fifth Amendment. The Court will address each of Defendant's arguments in turn.

#### a. Second Amendment

Defendant contends his Second Amendment rights will be violated if he is prosecuted under

---

construction, since a judge was imposing the sentence it is possible Defendant was guilty of a felony but the sentencing judge determined the appropriate sentence was less than one year. *See* Tenn. Code Ann. § 39-603 (stating a defendant "shall, on conviction, be punished by imprisonment in the penitentiary *not exceeding* five (5) years, or, in the discretion of the *jury*, by imprisonment in . . . jail not more than one (1) year . . . ." (emphasis added)). Regardless, the Court need not make a final determination on this issue to dispose of the current motion.

§ 922(g)(1). Defendant does not claim § 922(g)(1) is invalid on its face. Instead Defendant claims § 922(g)(1) is unconstitutional *as applied* in his case (Court File No. 50, p. 7). Defendant rests his Second Amendment challenge on the "fact" Defendant has never been deprived of his right to possess a firearm under Tennessee law. The Court cannot entertain Defendant's argument at this stage of the proceedings. For the Court to decide Defendant's motion on this ground it would have to determine that Defendant was not a convicted felon under Tennessee law and Defendant could legally carry a firearm. In order for the Court to make these types of determinations it would have to hold a mini-trial. For the reasons already discussed, the Court is unwilling to hold a mini-trial. Accordingly, the Court will not dismiss Count One on Second Amendment grounds.

The Court does briefly note, however, Defendant's Second Amendment challenge does not appear to have much merit. For the Government to convict Defendant under § 922(g)(1) it must prove Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1). In less precise terms, for Defendant to be convicted under § 922(g)(1), the Government must prove Defendant was previously convicted of a felony. When the Constitution was ratified, it was permissible to exclude felons from possessing firearms as well as other fundamental aspects of citizenship. *See United States v. Emerson*, 270 F.3d 203, 226, n.21 (5th Cir. 2001). There is no evidence the Second Amendment intended to confer the right to possess firearms on felons. *Id.* In fact, the Supreme Court has upheld Congress' ability to restrict felons from possessing firearms. *See Lewis v. United States*, 445 U.S. 55, 65-66 (1980); *see also United States v. Day*, 476 F.2d 562, 568 (6th Cir. 1973) (stating "[t]here is no absolute constitutional right of an individual to possess a firearm"). Therefore, assuming Defendant is a convicted felon, Congress could restrict his right to carry a firearm. In addition, it is immaterial that Tennessee may

7

not have restricted Defendant's ability to possess a firearm. In *United States v. Thompson*, 117 F.3d 1033, 1034 (7th Cir. 1997), a defendant argued Indiana law did not prohibit him from possessing a rifle so it was not unlawful for him to carry a rifle under § 922(g)(1). The United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") squarely rejected this argument. The Seventh Circuit stated, "although state law determines whether there is a predicate state-law conviction, once the conviction is established, federal law dictates that the convicted felon may not possess a firearm." *Id.* Likewise, in the current case, Tennessee law will ultimately determine if the § 39-603 conviction is a predicate conviction but federal law will determine whether Defendant was in legal possession of a firearm for federal purposes. Accordingly, the Court will **DENY** Defendant's motion to dismiss Count One on Second Amendment grounds.

### b. Due Process

Defendant's briefs focus in large part on why § 922(g)(1), in combination with § 921(a)(20), violates his due process rights. Section 922(g)(1) makes it unlawful for a person who has been convicted of a "crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). However, § 921(a)(20) provides in relevant part as follows:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include–
>
> . . .
>
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction . . . for which a person has . . . had *civil rights restored* shall not be considered a conviction for purposes of this chapter, unless such . . . restoration of civil rights

8

expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). Therefore, if the exclusions in § 921(a)(20) apply, a person is not subject to conviction under § 922(g)(1). Defendant's due process argument centers on § 921(a)(20)'s restoration of civil rights exclusion. Defendant argues his "civil rights" were never taken away, as a result, "it would be offensive to substantive due process under the Fifth Amendment to now let [Defendant] be prosecuted [under § 922(g)(1)]" (Court File No. 50, p. 4). For purposes of this motion, Defendant's argument fails on its face. If Defendant was previously convicted of a felony in Tennessee, some of his civil rights would have been taken away. For example, Defendant's right to vote would have been taken away. *See* Tenn Code Ann. § 40-20-112.[4] Since Defendant's argument fails on its face, the Court need not address the merits of Defendant's argument.

Nonetheless, the Court notes even if Defendant's civil rights were never taken away, his due process rights would not have been violated. If Tennessee did not restrict a felon's civil rights, the federal government, as a sovereign entity, would still have the ability to prohibit Defendant's possession of a firearm. Further, to the extent Defendant argues his due process rights were violated because he had no notice his conduct was unlawful, this argument is without merit. *See Bryan v. United States*, 524 U.S. 184, 193 (1998) (stating "a charge that the defendant's possession of an unregistered machinegun was unlawful require[s] proof that he knew the weapon he possessed had the characteristics that brought it within the statutory definition of a machinegun . . . . It was not, however, necessary to prove that the defendant knew that his possession was unlawful." (internal

---

[4] At the time of Defendant's conviction, this section of the Tennessee Code would have been codified at Tenn. Code Ann. § 40-2712

9

citations and quotations omitted)).

Defendant also asserts "[i]n failing to define 'restoration of civil rights' in [] § 921(a)(20) relative to the application of § 922(g)(1) - Congress failed to establish minimal guidelines to govern law enforcement in policing and fairly prosecuting gun possession charges, and failed to provide sufficient notice to [] non-violent offenders in Tennessee . . ." (Court File No. 29, p. 14). In other words, when Congress failed to define "restoration of civil rights" it left § 920(a)(20) unconstitutionally vague.

A "statute is unconstitutionally vague, if it denies fair notice of the standard of conduct for which the citizen is to be held accountable, or if it is an unrestricted delegation of power which leaves the definition of its terms to law enforcement officers." *Amer.-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 609 (6th Cir. 2005). The definition of "restoration of civil rights" leaves some room for debate but it is not unconstitutionally vague. The courts have largely interpreted the meaning of the term "civil rights." For example, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") explained which "civil rights" must be restored by the state in order for a felon to fall under § 921(a)(20)'s restoration of civil rights exclusion. *See United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990) (explaining the "civil rights" that must be restored for § 921(a)(20)'s restoration of civil rights exclusion to apply are "the right to vote, the right to seek and hold public office and the right to serve on a jury."). Since the Sixth Circuit has defined the restoration of civil rights exception, § 921(a)(20)'s use of the term "civil rights" is not unconstitutionally vague.[5]

---

[5] Assuming Defendant had no civil rights taken away, he also must have known the restoration of civil rights exception found in § 920(a)(20) would not have applied to him because you cannot "restore" something that was never taken away. *See United States v. Moore*, 108 F.3d

10

In light of the above, the Court will **DENY** Defendant's motion to dismiss Count One on due process grounds.

### c. Equal Protection

Section 921(a)(20) also excludes from the definition of a "crime punishable by imprisonment for a term exceeding one year" the following:

> [A]ny Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices . . .

18 U.S.C. § 921(a)(20)(A). Defendant argues this exclusion violates his equal protection rights guaranteed by the Fifth Amendment. Specifically, Defendant contends it is unconstitutional for non-violent, non-drug related crimes affecting the regulation of business practices to get a pass on federal firearms disability when similar non-violent, non-drug related crimes not tied to the regulation of business practices do not (Court File No. 29, p. 16).[6]

Convicted felons are not a protected class, therefore the appropriate standard of review here is rational basis. *Tinsley v. United States*, 1998 WL 939555, at *1 (6th Cir. Dec. 21, 1998) (citing *United States v. Jester*, 139 F.3d 1168, 1171-72 (7th Cir. 1998)). As such, Defendant has the burden of "showing that no state of facts reasonably may be conceived to justify the disputed classification." *Jester*, 139 F.3d at 1171 (citation and quotation omitted). Defendant has not demonstrated Congress

---

878, 881 (8th Cir. 1997) (stating "the state of Tennessee never took [the defendant's] right to possess firearms away in the first place. What was never taken away cannot be 'restored.'").

[6] Defendant may lack standing to challenge § 921(a)(20)(A) under the equal protection component of the Fifth Amendment because his 1979 conviction might have been a conviction for a violent felony. Without more facts concerning the 1979 conviction, the Court is unable to conclude if the 1979 conviction was violent or non-violent. Nonetheless, since Defendant's equal protection argument is without merit, the Court does not need to conclusively determine whether Defendant has standing.

11

was irrationally underinclusive when it drafted § 921(a)(20)(A). It seems reasonable for Congress to believe felons convicted of offenses related to the regulation of business practices are less likely to misuse a gun than other felons convicted of non-violent crimes. Other courts have upheld § 921(a)(20)(A) when faced with almost identical equal protection challenges and the Court sees no reason to depart from those decisions. *See, e.g., Jester*, 139 F.3d at 1171-72 (upholding § 921(a)(20)(A) classifications despite a defendant's challenge that § 921(a)(20)(A) failed to exempt every felony "that arguably might not indicate a predisposition towards misusing firearms"). Accordingly, the Court will **DENY** Defendant's motion to dismiss Count One on equal protection grounds.

      **B.**      **Motion to Dismiss Count Three**

Defendant requests the Court to dismiss Count Three of the Indictment, which charges him with possession of a firearm in furtherance of the drug trafficking crime alleged in Count Two in violation of 18 U.S.C. § 924(c). The Defendant contends the "in furtherance of" language in § 924(c)[7] violates the Due Process Clause of the Fifth Amendment, the equal protection component

---

[7] 18 U.S.C. § 924(c) provides in part:

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–

(i) be sentenced to a term of imprisonment of not less than 5 years;

. . .

12

of the Fifth Amendment, and the Second Amendment (*See* Court File No. 18).[8]

        **1.**        **Due Process**

Defendant's due process claims rest on the doctrines of vagueness and overbreadth. "A statute is unconstitutionally vague and violates the Due Process Clause if it fails to define the offense with sufficient definiteness such that ordinary people can understand the prohibited conduct or to establish standards to permit law enforcement personnel to enforce the law in a non-arbitrary, non-discriminatory manner." *United States v. Blaszak*, 349 F.3d 881, 888 (6th Cir. 2003). Defendant bears the burden of establishing § 924(c) is vague. *United States v. Avant*, 907 F.2d 623, 625 (6th Cir. 1990). Defendant has not met or even attempted to meet his burden. Defendant failed to file a brief in support of his motion and he failed to explain clearly in his motion why § 924(c) is unconstitutionally vague. As far as the Court can tell, Defendant believes the phrase "in furtherance of" in § 924(c) makes § 924(c) unconstitutionally vague. The Court disagrees. As the Government points out, the Sixth Circuit explained in *United States v. Mackey*, 265 F.3d 457, 460-62 (6th Cir. 2001) as follows:

> The term 'furtherance' should be understood in its ordinary or natural meaning, which, according to the dictionary, is 'a helping forward: advancement, promotion.' WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981). In other words, the weapon must promote or facilitate the crime.
>
> . . .
>
> In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use.

The Sixth Circuit's analysis in *Mackey* "makes apparent, 18 U.S.C. § 924(c)'s use of "in furtherance

---

[8] It is possible Defendant is trying to challenge other portions of § 924(c) but Defendant did not file a brief in support of his motion. Defendant's only filing on this matter is a short motion that does not make clear what portions of § 924(c) Defendant is trying to challenge.

13

of" is [not] unconstitutionally vague . . . ." *United States v. Helton*, 86 Fed. Appx. 889, 891 (6th Cir. 2004) (unpublished).

Defendant's reference to the doctrine of overbreadth is puzzling. Overbreadth is a standing doctrine that allows a defendant "to challenge a regulation as an infringement on the exercise of First Amendment rights even where the regulation may be validly applied to that person." *Bailey v. Carter*, 15 Fed. Appx. 245, 252 (6th Cir. 2001) (unpublished) (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 611-12 (1973)); *accord Blaszak*, 349 F.3d at 888. Section 924(c) does not regulate constitutionally protected speech or association, so the overbreadth doctrine does not apply. Further, the Sixth Circuit has explicitly held the "in furtherance of" language is not overbroad. *Helton*, 86 Fed. Appx. at 891.

In light of the above, Defendant's due process claims are clearly without merit and his motion to dismiss Count Three on due process grounds will be **DENIED**.

## 2. Equal Protection

Defendant does not explain why § 924(c) violates the equal protection component of the Fifth Amendment. In fact, Defendant has not even articulated a class that has had its equal protection rights violated. Since Defendant has not identified a suspect class or a fundamental right that is being infringed, the appropriate standard of review is rational basis. Under the rational basis standard, "the challenging party bears the heavy burden of demonstrating that the legislation at issue is irrational." *Muller v. Lujan*, 928 F.2d 207, 210 (6th Cir. 1991). Defendant's bald assertion that § 924(c) violates the equal protection component of the Fifth Amendment does not come close to satisfying this heavy burden. Thus, the Court will **DENY** Defendant's motion to dismiss Count Three on equal protection grounds.

14

### 3. Second Amendment

Defendant submits § 924(c) has an undue chilling effect on rights arising under the Second Amendment (Court File No. 18). The Sixth Circuit recently rejected this same argument. In *Helton*, 86 Fed. Appx. at 892, a defendant appealed this Court's denial of a motion to dismiss arguing § 924(c) "unduly infringes on Second Amendment rights." In making this argument, the defendant requested the Sixth Circuit to adopt the Fifth Circuit's decision in *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001). The Sixth Circuit noted, even if it were to accept the reasoning in *Emerson*, "Second Amendment rights may be subject to 'limited, narrowly tailored specific exceptions or restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country." *Helton*, 86 Fed. Appx. at 892 (quoting *Emerson*, 270 F.3d at 261). The Sixth Circuit then concluded § 924(c) constitutes a reasonable limitation on the right of Americans to keep and bear arms. *Id.* The Court sees no reason to depart from the Sixth Circuit's reasoning in this case. Therefore, the Court will **DENY** Defendant's motion to dismiss Count Three of the Indictment based on Second Amendment grounds.

## IV. CONCLUSION

In light of the above reasoning, the Court will **DENY** Defendant's motions to dismiss (Court File Nos. 15, 18).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**