UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:05-CR-87 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| RICHARD STEPHENS ) | |
| ) | |

**M E M O R A N D U M**

Defendant Richard Stephens ("Defendant') filed a motion to strike the alias "Midget" from the Superseding Indictment (Court File No. 39).[1] Defendant's motion was considered by United States Magistrate Judge Susan K. Lee. On December 16, 2005, the magistrate judge filed a report and recommendation ("R&R") Defendant's motion be denied (Court File No. 56).

Defendant filed objections to the R&R, in which he objects to the magistrate's findings the alias is relevant and non-prejudicial (Court File No. 59). After carefully reviewing the relevant law and evidence, the Court finds the magistrate judge's determination regarding the relevancy and prejudicial nature of the alias is supported by the law and the weight of the evidence. The Court therefore will **ACCEPT** and **ADOPT** the magistrate's report and recommendation, and will **DENY** Defendant's motion to strike.

---

[1] Defendant's motion to strike was actually filed one day before the Superseding Indictment was filed (Court File No. 41). However, since the Superseding Indictment also uses the alias "Midget" the Court will treat Defendant's motion as a motion to strike the alias from the Superseding Indictment (*Id.*).

**I.     Standard of Review**

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

**II.    Relevant Facts**

Defendant has not objected to the magistrate judge's statement of the facts, therefore the Court will **ACCEPT** and **ADOPT** that portion of the R&R. However, for the sake of clarity, the Court will summarize the relevant facts.

A five-count Superseding Indictment was filed against Defendant on October 12, 2005 (Court File No. 41). The caption and each of the five counts refers to defendant as "Richard Stephens, also known as 'Midget'". At least one Government witness testifying before the grand jury, during the Defendant's detention hearing, and during Defendant's suppression hearing has made references to Defendant as "Midget". This witness, Detective Mike Bice ("Bice"), testified he learned of a person named "Midget" in 2004 when Soddy-Daisy Police Officer Mike Sneed ("Sneed") told him there were phone conversations which indicated someone named "Midget" was purchasing narcotics in Rhea County. Bice also testified he later spoke with a retired narcotics officer from Rhea County, Clyde Henderson ("Henderson"), who identified Defendant as "Midget." Henderson gave Bice enough information for Bice to obtain Defendant's photograph and learn where he lived. However, there was not enough evidence to arrest Defendant at that time (Court File No. 20, p. 13).

In June 2005, Defendant had an altercation with his son (Court File No. 20, p. 14). After the

altercation, Defendant's son went to stay with his mother. His mother told Rhea County Police Officer Charlie Qualls ("Qualls") about the altercation. Qualls contacted Bice and the two went to Defendant's residence to investigate the facts surrounding the altercation (*Id.*). At Defendant's residence, they found marijuana, growing equipment, marijuana residue, and several firearms (*Id.* at p. 16).

### III. Analysis

#### A. Relevancy

Defendant contends the alias "Midget" has no relevance to the current charges and is therefore mere surplusage. Specifically, Defendant argues the references to him as "Midget" occurred in 2004 and did not lead Bice to the evidence at issue in this case. In other words, "[t]he alias used is in no way necessary to connect [Defendant] to the acts he's been charged with . . ." (Court File No. 59, p. 2). The Government argues the alias should not be stricken from the Superseding Indictment because it:

> may call witnesses to the stand that corroborate the recollection of the members of the Rhea County Sheriff's Department regarding [Defendant's] manufacture, distribution, and storage of marijuana at his Residence. Some of the witnesses that the [Government] may call know Defendant primarily through his alias, "Midget".

(Court File No. 49, p. 4).

According to Fed. R. Crim. P. 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "The striking of language from an indictment as being surplusage addresses itself to the sound discretion of the district court." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974) (citation omitted). The practice of including aliases in indictments is discouraged. *See United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972).

3

However, "as long as the alias assists in identifying the defendant, it is relevant and admissible." *Smith v. Williams*, 2005 WL 3051722, at *3 (6th Cir. Nov. 15, 2005) (slip copy).

In the current case, the alias "Midget" may assist in identifying Defendant. Therefore, the alias is relevant. As stated above, the Government plans to call witnesses who only know Defendant as "Midget" to prove Defendant manufactured, distributed, and stored marijuana at his residence.[2] As such, the alias clearly assists in identifying Defendant. *See Smith*, 2005 WL 3051722, at *3 (affirming refusal to strike alias from indictment even though several witnesses knew the defendant by name because some witnesses only knew the defendant by his alias). If Bice and Qualls were the Government's only witnesses, the Court would be willing to reach a different conclusion because Bice and Qualls knew Defendant's name and Defendant's alias did not assist them in finding and arresting Defendant in 2005. However, it appears Bice and Qualls will not be the Government's only witnesses, therefore, the Court will not strike the alias on the ground that it is mere surplusage.

**B.      Prejudicial**

In making his objections to the R&R Defendant also argues "[t]he only practical use for any alias in this case is to prejudice the defendant and inflame the jury" (Court File No. 59, p. 2). For the same reasons discussed by the magistrate, the Court disagrees. In short, if Defendant's alias assists in identifying him as the person who committed the crimes alleged in the Superseding Indictment, he will not be unduly prejudiced thereby. *See, e.g., Williams*, 2005 WL 3051722 at *3 (finding no undue prejudice where the district court refused to strike the alias "Capone" from the

---

[2] Count Two of the Superseding Indictment charges Defendant with knowingly manufacturing marijuana in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D) (Court File No. 41). Count Four charges Defendant with using his residence for the purpose of manufacturing, distributing, and storing marijuana in violation of 21 U.S.C. § 856(a)(1) (*Id.*).

4

indictment).

**IV.    Conclusion**

Since the Court finds the magistrate judge's analysis is supported by the evidence and the law, the Court will **ACCEPT** and **ADOPT** the R&R and **DENY** Defendant's motion to strike (Court File No. 39).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**